IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| IZAIAH FEBLES and NICHOLAS PERILLO, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>AMERICAN HEALTH REFORM SOLUTIONS, LLC d/b/a AMERICAN HEALTH MARKETPLACE, a Florida Limited Liability Company,<br><br>    Defendant. | Case No.:|

**COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiffs, IZAIAH FEBLES ("Febles") and NICHOLAS PERILLO ("Perillo") (collectively "Plaintiffs") sue Defendant, AMERICAN HEALTH REFORM SOLUTIONS, LLC d/b/a AMERICAN HEALTH MARKETPLACE ("American Health" or "Defendant"), and state:

### NATURE OF ACTION

1. Plaintiffs bring this action under the overtime provisions of the Fair Labor Standards Act ("FLSA").

2. Plaintiffs, who were employed by Defendant as health insurance Sales Agents[1], allege that Defendant failed to properly pay overtime compensation in violation of 29 U.S.C. § 207 of the FLSA.

3. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action on behalf of themselves and other similarly situated employees, to recover unpaid overtime compensation, plus liquidated damages.

## PARTIES

4. Plaintiff Febles resides in the Middle District of Florida, Lee County. Plaintiff Febles was employed by Defendant as a Sales Agent from approximately February 2023 until October 2023. Pursuant to the FLSA, Plaintiff Febles consents to joining this action (**Exhibit A**).

5. Plaintiff Perillo resides in the Middle District of Florida, Lee County. Plaintiff Perillo was employed by Defendant as a Sales Agent from approximately February 2022 until March 2023. Pursuant to the FLSA, Plaintiff Perillo consents to joining this action (**Exhibit B**).

6. Defendant is a Florida limited liability company with its principal place of business located at 3215 NW 10th Terrace, Suite 212, Oakland Park, FL 33309. Defendant is engaged in the business of selling health insurance to consumers across Florida and the United States of America.

---

[1] For purposes of this Complaint, the term "Sales Agents" is intended to include any person employed by Defendant who sold insurance, regardless of title, and who otherwise comes within the definition of the class in paragraph 14.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under the Fair Labor Standards Act.

8. The Court has personal jurisdiction over the Defendant because it transacts significant business in the Middle District of Florida, including Lee County, Florida where it engaged the two named Plaintiffs to sell health insurance to consumers.

9. The Middle District of Florida, Fort Myers Division, is the proper for two reasons. First, by virtue of Defendant engaging Plaintiffs to sell insurance on its behalf from their home locations, located in Lee County, Florida, Defendant resided in this District. Second, all of the transactions and events giving rise to the claims occurred in this District. The Plaintiffs' overtime hours were worked in Lee County, Florida, and the overtime compensation was due to be paid to Plaintiffs in Lee County, Florida.

## FLSA COVERAGE

10. At all times material to this action, Defendant was Plaintiffs' "employer" and Plaintiffs were "employees" of Defendant.

11. At all times material, Defendant employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, which were used directly in furtherance of Defendant's commercial activities.

12. At all times material, Defendant had gross sales volume of at least $500,000.00 annually.

13. At all times material, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

14. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this as a collective action on behalf of themselves and other similarly situated Sales Agents with a class definition as follows:

    **All employees who sold insurance for Defendant at any time in the three (3) years preceding the filing of the Complaint, who worked overtime and who's regular rate for purposes of calculating overtime compensation did not include commissions or bonuses.**

15. At any given time, Defendant employs approximately 600 Sales Agents in Florida and throughout the United States.

16. Plaintiffs and the other similarly situated Sales Agents performed the same or substantially similar job duties.

17. Plaintiffs and the other similarly situated Sales Agents were paid under the same or substantially similar compensation structure giving rise to the overtime violations.

18. Plaintiffs and the other Sales Agents were paid an hourly rate plus they received other non-discretionary income including commissions and bonuses for their sales and performance on a weekly basis.

19. While Defendant did pay some overtime compensation, it only paid time and one-half Plaintiffs' hourly rate and failed to include Plaintiffs' other non-discretionary income in the calculation of Plaintiffs' overtime pay.

20. For the reasons above, the claims of Plaintiffs and those similarly situated arise from a common policy or practice that Defendant uniformly applied to Sales Agents.

## ADDITIONAL MATERIAL FACTS

21. Defendant is a health insurance agency that provides its customers with health plan shopping and enrollment services.

22. Defendant operates in Florida and across the nation, but maintains its principal place of business in Oakland Park, Florida.

23. To carry out its business, Defendant employs Sales Agents across Florida and the country.

24. The duties of the Sales Agents are substantially the same. Sales Agents are responsible for selling insurance to new and existing customers, and servicing customers.

25. On average, Plaintiffs and the other Sales Agents work approximately 8-10 hours per day, five days per week. This schedule and the hours worked by the Sales Agents increases during the annual open enrollment period.

26. Plaintiffs and the other Sales Agents are paid an hourly rate, plus weekly commissions and bonuses in accordance with Defendant's Sales Agent compensation structure.

27. When Plaintiffs and the other Sales Agents work over 40 hours, Defendant pays overtime wages by calculating time and one half the hourly rate. However, Defendant does **not** include the other non-discretionary income in its overtime calculation.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

28. Plaintiffs incorporate paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiffs and the other similarly situated Sales Agents worked more than forty (40) hours in one or more workweeks.

30. Defendant failed or refused to compensate Plaintiffs and the other similarly situated Sales Agents correct overtime wages calculated at 1.5 times the regular rate for all hours worked. Specifically, the FLSA requires Defendant to include all non-discretionary compensation in calculating the regular rate for purposes of overtime pay.

31. By failing to include bonuses, commissions, and other non-discretionary income in calculating the regular rate of Sales Agents, Defendant violated 29 U.S.C. § 207 of the FLSA.

32. Defendant knew their policy and practice of excluding commissions, bonuses, and other non-discretionary compensation from its overtime calculation for Sales Agents violated the FLSA. Defendant acted willfully or with reckless

        disregard of the FLSA because Defendant implemented and continued the practice knowing it violated the FLSA.

33. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and those similarly situated seek unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiffs respectfully request the following relief on behalf of themselves and those similarly situated Sales Agents:

    a. Pursuant to 29 U.S.C. § 216(b), an order of conditional certification authorizing notice to the class of Sales Agents and an opportunity to opt-in to the action.

    b. A declaration that Defendant has violated the overtime provisions of 29 U.S.C. § 207;

    c. Unpaid overtime wages;

    d. Liquidated damages;

    e. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    f. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable as of right.

Dated: January 15, 2024

                                          Respectfully submitted,

                                          /s/ Jason L. Gunter
                                          Jason L. Gunter
                                          Fla. Bar No. 0134694
                                          Email: Jason@GunterFirm.com
                                          Conor P. Foley
                                          Fla. Bar No. 111977
                                          Email: Conor@GunterFirm.com

                                          **GUNTERFIRM**
                                          2165 W. First St., #104
                                          Fort Myers, FL 33901
                                          Tel: 239.334.7017