UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IZAIAH FEBLES and NICHOLAS
PERILLO, on behalf of themselves
and those similarly situated,

      Plaintiffs,

v.                            Case No:  2:24-cv-47-JLB-KCD

AMERICAN HEALTH REFORM
SOLUTIONS, LLC,

      Defendant.

_____/

## ORDER

In this Fair Labor Standards Act ("FLSA") case, Defendant American Health
Reform Solutions, LLC moved to compel arbitration pursuant to an arbitration
clause within the employment agreement between Plaintiffs and Defendant.  (*See*
Doc. 14).  The Magistrate Judge entered an order and issued two amended orders,
each denying the motion to compel arbitration.  (Docs. 30, 37, 59).  The Second
Amended Order is the operative order.  (Doc. 59).  Defendant timely filed an
objection to the Second Amended Order (Doc. 60), which Plaintiff responded to (Doc.
61).

In an objection to a previous order, Defendant contended that this Court
must review the Magistrate Judge's order *de novo* because motions to compel
arbitration should be considered dispositive.[1]  (Doc. 39 at 3–6).  Generally, a

---

[1] Defendant does not reiterate this argument in its objection to the Second Amended
Order.  In any event, the Court addresses Defendant's argument for completeness.

magistrate judge may resolve any nondispositive pretrial matter through a written order.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  If a party raises a timely objection, the district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Conversely, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1)(C).

"Although the Eleventh Circuit has not explicitly provided guidance on whether a motion to compel arbitration is non-dispositive, other courts have found that motions to compel arbitration are non-dispositive."  *Soriano v. Experian Info. Sols., Inc.*, No. 2:22-cv-197, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022).  The Court agrees with the reasoning underlying these decisions.

In all events, however, Defendant's Motion to Stay and Compel Arbitration (Doc. 14) is due to be **DENIED,** and Defendant's objections to the Magistrate Judge's Second Amended Order (Doc. 60) are **OVERRULED** under either *de novo* or clear error review.

## BACKGROUND

Plaintiffs Izaiah Febles and Nicholas Perillo worked for American Health as sales agents.  (Doc. 1 at ¶ 2).  They claim, individually and on behalf of those similarly situated, that American Health failed to pay them overtime.  (*Id.* at ¶¶ 2–3).

Plaintiffs signed two documents when they began employment.  The first was an Offer Letter (Doc. 23-3), and the second was an Employment Agreement (Doc.

2

14-1).  The Employment Agreements contain two provisions relevant to the analysis here.  First, should American Health pursue "its equitable remedies on account of Employee's violation of the post-employment restrictions," the disputes "shall be resolved exclusively through binding Arbitration" as follows:

> This Agreement and the relationship of the parties shall be governed by the laws of the State of Florida applicable to agreements executed and performed within the State of Florida and without giving effect to any statutes or rules relating to the conflict of laws. . . . The Parties further agree that exclusive venue shall lie in Broward County, Florida . . . [i]f Company pursues its equitable remedies on account of Employee's violation *of the post-employment restrictions* in this Agreement but that all other disputes between Company (or its officers, directors or managers) and Employee shall be resolved exclusively through binding Arbitration pursuant to the then-existing Rules of the American Arbitration [A]ssociation for Resolution of Employment Disputes with costs assessed against the non-prevailing party.

(Doc. 14-1 at 2) (emphasis added).  Second, the Employment Agreements include a merger clause "with respect to Employee's post-employment relationship with [American Health]" as follows:

> This Agreement contains the entire agreement and understanding between the Company and Employee with respect to Employee's *post-employment relationship* with the Company and supersedes all prior agreements, whether written or oral, relating to Employee's relationship with the Company.  Employee and the Company agree to use their respective best efforts to maintain as confidential the terms of this Agreement.

(Doc. 14-1 at 3) (emphasis added).

Noteworthy, the Offer Letters did *not* contain an arbitration or other alternative dispute provision.  In all events, American Health moved to compel

arbitration under the Employment Agreement, arguing that it superseded the Offer Letter via the merger clause.  (Doc. 14 at 5).  The Magistrate Judge disagreed:

> In short, the two agreements are independent and separate contracts that can be compartmentalized.  One addresses the substantive terms of the employment relationship between Plaintiffs and American Health.  The other covers the parties' post-employment conduct related to confidentiality and solicitation.  The two agreements don't otherwise overlap.  Thus, the Court finds that the Employment Agreement does not supersede the Offer Letter.

(Doc. 59 at 8).

American Health offered an alternative argument, stating that the "Employment Agreement and the Offer Letter are part of the same onboarding documents contemporaneously signed and, therefore, are part of the same contract." (Doc. 29 at 2).  Thus, according to American Health, the Employment Agreement and the Offer Letter were "one cohesive contract."  (*Id.*)

The Magistrate Judge rejected this argument, finding that (1) the argument was procedurally barred because American Health made this argument for the first time in its reply brief and, even if the argument was not procedurally barred, (2) "[t]he contracts here do not cover the same subject matter" because "[o]ne deals with the conditions of Plaintiffs' employment (Offer Letter), while the other involves what happens after that employment ends (Employment Agreement)" and "[t]hey neither operate in the same sphere nor overlap in any sense."  (Doc. 59 at 10).

4

## LEGAL STANDARD

"[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). "A party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001).

"In ruling on a motion to compel arbitration, the Court must consider three factors: '(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived.'" *Gerrish v. Coast Pump & Supply Co., Inc.*, No. 8:21-cv-365, 2021 WL 4913290, at *1 (M.D. Fla. Oct. 21, 2021) (quoting *Florida Farm Bureau Ins. Cos. v. Pulte Home Corp.*, No. 8:04-cv-2357, 2005 WL 1345779, at *3 (M.D. Fla. June 6, 2005)). "The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010).

That said, "[e]ven though there is [a] presumption in favor of arbitration, '[t]he courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties.'" *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1214 (11th Cir. 2011) (quoting *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419–20 (11th Cir. 1990)).

## DISCUSSION

Defendant makes several arguments in support of its objection to the Magistrate Judge's order, none of which the Court finds persuasive. (*See* Doc. 60). The Court agrees with, and thus adopts and incorporates by reference, each of the Magistrate Judge's findings and rulings. (*See* Doc. 59). The Court addresses Defendant's objections in turn.

First, Defendant states that it "is not attempting to compel Plaintiffs to arbitrate a dispute arising from a contract" and is instead "attempting to compel Plaintiffs to arbitrate a dispute arising from the parties' *employment relationship* – relating to the payment of overtime – pursuant to the Employment Agreement's forum selection clause which provides for arbitration in the event of ***all disputes*** between the parties *other than those relating to post-termination conduct*. (Doc. 60 at 5–6 (emphasis in original)).

The Court is not convinced. "[A]rbitration is simply a matter of contract between the parties." *First Options of Chicago, Inc.*, 514 U.S. at 943. The arbitration provision here is broad, but it is contained within the Employment Agreements. (*See* Doc. 14-1 at 2). "[E]ven in contracts containing broad arbitration provisions, the determination of whether a particular claim must be submitted to arbitration necessarily depends on the existence of some nexus between the dispute and the contract containing the arbitration clause." *Morales v. Perez*, 952 So. 2d 605, 608 (Fla. 3d DCA 2007) (quoting *Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 638 (Fla. 1999)). The Magistrate Judge found that "[t]here is no nexus here"

because "Plaintiffs' claims concern overtime pay, a subject covered in the Offer Letter with no arbitration clause."  (Doc. 59 at 11).  The Offer Letters address compensation.  (Doc. 23-3 at 1).  The Employment Agreements do not.  (*See* Doc. 14-1).  Thus, the Court agrees with the Magistrate Judge's finding that there is no nexus between the Employment Agreement and this FLSA suit.

Second, Defendant reiterates its merger claim.  Specifically, Defendant cites *Strickland v. Wyndham Vacation Resorts, Inc.*, Case No. 6:13-cv-1000, 2014 WL 12873407 (M.D. Fla. June 10, 2014) to support its claim that "[s]ince both the Offer Letter and Employment Agreement refer to and relate to the Plaintiffs' employment relationship, the only logical reading is that the parties must arbitrate all disputes relating to the employment relationship based on the merger clause in the Employment Agreement."  (Doc. 60 at 7).

In *Strickland*, plaintiffs filled out job applications containing a jury trial waiver, but their salesperson agreements, which contained a merger and integration clause, did not include such a waiver.  2014 WL 12873407, at *6.  The opt-in plaintiffs argued that the salesperson agreements superseded the jury trial waivers in the job applications.  *Id.*  Specifically, the salesperson agreements stated that they superseded any prior agreements regarding "the matters addressed herein."  *Id.*  And the *Strickland* court found that the salesperson agreements "[r]ead in [their] entirety . . . clearly establish[ed] a mutual agreement that they *alone* govern the terms of the employment relationship at issue."  (*Id.* (emphasis added)).  As such, the *Strickland* court found that the agreement in that case

"supersede[d] any previous term or condition of employment, which includes those contained in the applications at issue." *Id.*

*Strickland* is not binding on this Court, but, in any event, the Court does not disagree with the *general* premise of *Strickland*. Instead, the Court finds that the Employment Agreements, unlike the salesperson agreements in *Strickland*, read in their entirety, do not clearly establish a mutual agreement that the Employment Agreements alone govern the terms of the employment relationship at issue. Namely, the Court agrees with the Magistrate Judge's finding that the Employment Agreements cover the post-employment relationship with the Employee and some confidentiality provisions that apply during employment. At the same time, the Offer Letters indicate the salient terms of Plaintiffs' employment, like when Plaintiff's employment will commence, the Plaintiffs' compensation, as well as the employment benefits for the position. (*See* Doc. 23-3 at 1). Put differently, the Employment Agreements cannot *alone* govern the terms of the employment relationship between Plaintiffs and Defendant because they do not provide terms such as compensation, duties, and benefits – the Offer Letters clearly and unambiguously do that.

Further, in support of its merger argument, Defendant disagrees with the Magistrate Judge's citation to *Audiology Distrib., LLC v. Simmons*, No. 8:12-cv-02427, 2014 WL 7672536, at *14 (M.D. Fla. May 27, 2014) because that case dealt with a novation issue. Although it dealt with a novation, *Simmons* also discussed the "purpose of a merger clause" generally, stating that "[t]he purpose of a merger

clause is not to extinguish prior contractual obligations.  Rather, a merger clause 'is a highly persuasive statement that the parties intended the agreement to be totally integrated and generally works to prevent a party from introducing parol evidence to vary or contradict the written terms.'"  *Simmons*, 2014 WL 7672536, at *14 (quoting *Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 53 (Fla. 1st DCA 2005)); *see also Franz Tractor Co. v. J.I. Case Co.*, 566 So. 2d 524, 525 (Fla. 2d DCA 1990) ("Although a contract may be merged into and extinguished by a later contract concerning the same subject matter, . . . this is not true if the new contract embraces a different subject matter without fully covering the terms of the original. . . . It is also essential that the parties intended a merger.").

Here, the Employment Agreements state that "[t]his Agreement contains the entire agreement and understanding between the Company and Employee with respect to Employee's *post-employment relationship* with the Company and supersedes all prior agreements, whether written or oral, relating to Employee's relationship with the Company."  (Doc. 14-1 at 3 (emphasis added)).  At best, it is unclear whether there was mutual agreement that these Employment Agreements would replace and extinguish the Offer Letters because the Employment Agreements covered *post-employment* obligations (along with some non-solicitation and confidentiality provisions that apply during employment).  In contrast, the Offer Letters discussed all the salient information about Plaintiffs' employment, such as their salary and benefits.

Thus, despite one provision in the Employment Agreements stating that they "supersede" all prior agreements, other terms within the Employment Agreements (including the lack of vital information regarding the employment relationship, salary, etc.) indicate that the parties did not intend such with respect to the Offer Letters. The Court does not find that the parties intended a merger, even though *some* of the language in the Employment Agreements indicated that they might have. Although the Court does not find that the Employment Agreements are ambiguous, to the extent American Health effectively asks this Court to find any such ambiguity in its favor, the Court finds that any ostensibly ambiguous language be construed against American Health (the drafter of these Employment Agreements) and in favor of Plaintiffs. *See Arriaga v. Florida Pac. Farms, L.L.C.*, 305 F.3d 1228, 1247–48 (11th Cir. 2002) (explaining that under Florida contract law, "[w]hen 'ambiguity in meaning remains after resort to the ordinary rules of construction,' an ambiguous term is to be construed against the drafter" (quoting *Excelsior Ins. Co. v. Pomona Park Bar & Package Stor*e, 369 So. 2d 938, 942 (Fla. 1979)); *cf. City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000) ("An ambiguous term in a contract is to be construed against the drafter.").

Finally, Defendant reiterates its alternative and contradictory argument— raised for the first time in its reply brief—that "there can be no reasonable question that the Offer Letter and Employment Agreement are functionally intertwined and must be read and construed together." (Doc. 60 at 9).

Defendant first indicates its "surprise" at the Magistrate Judge's finding in his Second Amended Order that this argument is barred because it is a new argument raised for the first time in a reply brief because the Magistrate Judge did not find so before.  (*Id.* at 8).  Defendant does not seem to deny that it raised this argument for the first time in its reply brief.  The Court agrees that the argument is procedurally barred.  But, even if it were not procedurally barred, Defendant's argument fails anyway.

"Under Florida law, when parties to a contract execute two or more documents concurrently in the course of one transaction *concerning the same subject matter*, the documents must be read and construed together."  *Morris v. Sheehan Buick Pontiac GMC, Inc.*, No. 10-80796-CIV, 2012 WL 12894289, at *6 (S.D. Fla. Mar. 10, 2012)*, adopted by* 2012 WL 12894732 (S.D. Fla. Mar. 28, 2012), *aff'd*, 517 F. App'x 686 (11th Cir. 2013). (emphasis added).  Defendant states that "[w]hile the two documents in question here may cover different subject matter, they were part of the same set of documents contemporaneously signed by each Plaintiff *at the inception of their employment*.  Therefore, they were part of the same *transaction* – Defendant's hiring of them for employment purposes."  (Doc. 60 at 10 (emphasis in original)).

As Defendant admits (*id.*), and as discussed at length here and in the Magistrate Judge's order, the Offer Letters and the Employment Agreements cover different subject matter, one dealing with the terms of the employment, such as salary, and the other dealing with post-employment restricts and obligations.  Thus,

they are not documents executed "concurrently in the course of one transaction *concerning the same subject matter,*" and the Court is not required to read and construe them together.  *See Morris*, 2012 WL 12894289, at *6 (emphasis added). To be clear, the Court does not deny that the documents were executed concurrently and in the course of one transaction.  But they do not concern the same subject matter.

## CONCLUSION

For these reasons, Defendant's objections to the Magistrate Judge's Second Amended Order are **OVERRULED**.  This case has been stayed pending the Court's review of the objections.  (*See* Doc. 50).  Because the objections were overruled, the Clerk of Court is **DIRECTED** to **LIFT** the **STAY** and remove the **STAY FLAG** from the file.

That said, the Court strongly recommends that the parties consider mediation or a settlement conference.  Should the parties believe after conferring that there is a good faith basis to settle this case, the Court would appoint a Magistrate Judge to conduct a settlement conference at no cost to the parties and stay the case.  Should the parties decide to proceed with a mediator at their own expense, the Court would stay the case for mediation.  In either event, **within 14 days of the date of this Order,** the parties are to file a Joint Notice advising the Court if they would like to proceed with mediation or a settlement conference.  In that notice, the parties are cautioned not to identify if a particular party is *not*

amenable to settlement discussion.  The notice should simply note whether the parties would jointly request mediation or a settlement conference.

**ORDERED** in Fort Myers, Florida on October 16, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

13