UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IZAIAH FEBLES, ON BEHALF OF
THEMSELVES AND THOSE
SIMILARLY SITUATED; AND
NICHOLAS PERILLO, ON
BEHALF OF THEMSELVES AND
THOSE SIMILARLY SITUATED;

    Plaintiffs,

  v.

Case No. 2:24-CV-47-JLB-KCD

AMERICAN HEALTH REFORM
SOLUTIONS, LLC, GARETH
REES, JEFFREY FRANZONI,
CHRISTOPHER HERNANDEZ,
PAOLA FRITZ,

    Defendants.
_____/

## ORDER

Plaintiffs sue their former employer, Defendant American Health Reform Solutions, LLC, under the Fair Labor Standards Act ("FLSA"). They claim, individually and on behalf of those similarly situated, that American Health failed to pay them overtime. (Doc. 1.)[1]

Now before the Court is the parties' joint stipulation "for an order approving conditional certification and court-authorized notice under Section 216(b) of the [FLSA], equitable tolling, and for a stay of the proceedings . . .

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

until the completion of alternative dispute resolution." (Doc. 67 at 1.) Each of these items is addressed in turn.

### 1. Conditional Certification

"The FLSA authorizes collective actions against employers accused of violating" its requirements. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). "In the Eleventh Circuit, certification of an FLSA collective action proceeds in two stages: the conditional certification or notice stage and the decertification stage." *Johnsey v. BAL TK, LLC*, No. 2:18-CV-00643-MHH, 2019 WL 3997072, at *2 (N.D. Ala. Aug. 23, 2019). We are at the first stage.

For conditional certification, a court "must determine—usually based solely on the pleadings and any affidavits of record—whether notice of the action should be provided to possible class members." *Raffo v. OS Rest. Servs., LLC*, No. 8:22-CV-1999-TPB-CPT, 2023 WL 5279496, at *2 (M.D. Fla. Aug. 1, 2023). "In evaluating whether conditional certification is appropriate, this Court considers: (1) whether there are other employees who desire to opt-in, and (2) whether these other employees are similarly situated to [the claimant] with respect to their job requirements and with regard to their pay provisions." *Poggi v. Humana at Home 1, Inc.*, No. 817CV1234T24JSS, 2017 WL 4877431, at *4 (M.D. Fla. Oct. 30, 2017).

The parties agree that the above conditions are satisfied. (Doc. 67 at 1-3.) And the Court's independent review of the record confirms the same. The parties also agree on the proposed collective:

> All employees who sold insurance for Defendants at any time since January 15, 2021, who worked overtime and whose regular rate for purposes of calculating overtime compensation did not include commissions or bonuses.

(*Id.* at 2.) With no opposition to the relief sought, the Court will grant conditional certification of the stipulated collective.

**2. Notice**

"When permitting a party to send a notice concerning a collective action, a trial court has a substantial interest in [the] communications that are mailed[.]" *Aiyekusibe v. Hertz Corp.*, No. 218CV816FTM38MRM, 2020 WL 1894502, at *5 (M.D. Fla. Jan. 28, 2020). "By monitoring the preparation and distribution of a notice, a court can ensure that it is timely, accurate, and informative." *Id*. "In general, notices to potential class members in FLSA cases should contain certain information." *Id*. And they "should not appear to be weighted in favor of one side or the other." *Metzler v. Med. Mgmt. Int'l, Inc.*, No. 8:19-CV-2289-T-33CPT, 2020 WL 1674310, at *6 (M.D. Fla. Mar. 4, 2020).

The parties have filed a proposed notice and opt-in consent form. (Doc. 67-1, Doc. 67-2.) Both documents contain terms and provisions customarily

approved in this district for notifying potential collective members. Again, with no opposition, the Court will approve the forms submitted.

The following procedures will govern distribution of the notices. Within fourteen days of this order, American Health shall serve on Plaintiffs' counsel, in native Excel electronic format, a list of potential plaintiffs to include the name, last known mailing address, and email address for each individual who falls within the collective definition above.

Within fourteen days of receipt of the above list, Plaintiffs' counsel shall cause to be mailed and emailed, at their expense, the approved Notice and Opt-In Consent Form to each individual. Plaintiffs will simultaneously send a single copy of the Notice and Opt-In Consent Form to each individual via regular mail and email. Plaintiffs' counsel shall provide to American Health's counsel a copy of the proposed email for its approval prior to emailing any of the individuals. American Health shall not unreasonably withhold its approval. Plaintiffs shall file a certificate of compliance with the Court indicating the date on which the Notice and Opt-In Consent Forms were sent by regular mail and email to the affected individuals.

Plaintiffs shall not send more than one mailing and one email to each affected individual. After sending the Notice, if Plaintiffs' counsel should receive any returned as "undeliverable," whether by mail or email, Plaintiffs' counsel will notify American Health. Within seven days of receiving the

notice, American Health's counsel shall provide the last 4 digits of the individual's Social Security number. Plaintiffs' counsel will use this information, and only this information, to attempt to verify the correct contact information for the individual for the purpose of sending the Notice to the correct location.

Individuals receiving notice shall have sixty days from the date of mailing to return a signed copy of the Opt-In Consent Form to Plaintiffs' counsel for filing. Plaintiffs' counsel shall date-stamp each Opt-In Consent Form on the date received. All Opt-In Consents that are received by mail must be postmarked or submitted electronically within sixty days from the date of mailing. Verifiable electronic signatures (Docusign, for example) are acceptable.  Plaintiffs' counsel must electronically file all returned Opt-In Consent Forms as they arrive or no later than on a weekly basis.

### 3. Equitable Tolling

The FLSA provides a two-year statute of limitations generally, and a three-year statute of limitations for claims based on willful violations. 29 U.S.C. § 255(a). "[T]he statute of limitations is not automatically tolled as to the claims of putative opt-in plaintiffs upon the filing of an FLSA collective action complaint." *Bennett v. Advanced Cable Contractors, Inc.*, No. 1:12-CV-115-RWS, 2012 WL 1600443, at *2 (N.D. Ga. May 7, 2012). "[O]pt-in plaintiffs are deemed to commence their civil action only when they file their

5

written consent to opt into the class action." *Id.* Thus, an opt-in plaintiff "must file his written consent to [join] the [suit] prior to the expiration of the statute of limitations on his [FLSA] claim." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1107 (11th Cir. 1996).

Because of procedural delays in deciding whether this dispute should be sent to arbitration, significant time has passed since the complaint was filed. Meanwhile, the statute of limitations continued to run for potential collective members. To avoid the inherent inequity of plaintiffs' claims becoming time-barred before they receive notice, the parties "agree to the equitable tolling of the limitations period of all putative plaintiffs as of the date of the filing of the Motion for Conditional Certification (March 15, 2024)." (Doc. 67 at 12.)

The Court declines to impose equitable tolling because such relief is superfluous. The parties have agreed to suspend the limitations period as set forth above. That stipulation operates as a tolling agreement. *See, e.g.*, *Scalia v. Horizon Care Servs., Inc.*, No. 20-80154-CV, 2021 WL 8919284, at *3 (S.D. Fla. Jan. 14, 2021). Nothing more is needed, and the Court will treat the parties' stipulation as an accord that the limitations period is tolled for all putative plaintiffs as of March 15, 2024.

### 4. Stay

Finally, the parties request a stay "pending participation in mediation" within "sixty (60) days following the close of the opt-in period." (Doc. 67 at 6.) And to facilitate productive settlement discussions, American Health has agreed to produce "underlying payroll and time records" before the mediation. (*Id.* at 7.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A decision to stay is left to the discretion of the district court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Given the parties' agreement, and to conserve judicial resources that might otherwise be expended on this case, the Court will grant the stay sought. All proceedings, discovery, and case management orders (outside of the notice procedures addressed above) are suspended pending mediation. The parties must file a status report updating the Court on the opt-in process and mediation on or before April 30, 2025, and every 30 days thereafter. If the mediation results in impasse, the Court will set a case management hearing.

Accordingly, it is now **ORDERED**:

1.     The Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Court-Authorized Notice (Doc. 67) is **GRANTED IN PART AND DENIED IN PART** as set forth above;

2.     Conditional certification of the following collective definition is permitted: All employees who sold insurance for Defendants at any time since January 15, 2021, who worked overtime and whose regular rate for purposes of calculating overtime compensation did not include commissions or bonuses;

3.     The parties are directed to exchange the information delineated above, identify the collective members, and provide notice;

4.     The case is **STAYED** and the Clerk is directed to add a stay flag and administratively close the case. The parties must file a status report updating the Court on the opt-in process and mediation on or before April 30, 2025, and every 30 days thereafter.

**ENTERED** in Fort Myers, Florida on November 15, 2024.

Kyle C. Dudek
United States Magistrate Judge